The United States Court of Appeals for the Federal Circuit is now open and in session. God save the United States and this honorable court. Good morning. Good morning. We have four cases altogether, two of which will be presented by oral argument, two of which will be submitted on a record. Two for the record are 2007-1350, Effigy Research v. Dynamite. The second submitted case is 2007-33303, Peck v. U.S. Postal Service. The first case on oral argument is Price v. Defense. Mr. Torino, would that be able to announce that? Yes, Your Honor. Thank you. Are you ready? Would I reserve five minutes of your time? Yes, Your Honor. I don't think we'll need it, but I'll reserve it. I may please the court, my name is Valencia Picadena. I represent Ms. Barbara Price, the petitioner in the incident matter. Your Honor, our question is, the issue is very simple, whether or not the court, the board, the United States Medicine Protection Board, had jurisdiction over the appellant's claims. Now, we realize that in reviewing the record that the court will find that basically there were two separate cases. One was based on an IRA, individual right of action, that Ms. Price was concerned with. She filed that particular case before the Washington office. At that time, the Washington office turned around and, I guess using common sense, issued the case or sent it to Dallas, Texas. It was still the IRA case, and the last few numbers of that particular case is 366. 366 was the IRA case. During that argument of that case, the jurisdiction question came to issue. And then basically, the regional Dallas office said, do we have jurisdiction since it was filed out of time? The record shows that in this particular case, in 366, the appellant filed her initial briefs and all her papers, her petition for appeal. And then it was sent. However, there seems to be no staff date on those particular documents. She had 65 days in which to appeal or take her course, take her case, her IRA, before the board. The case before us today, though, is an appeal from the case that is the 0473? Yes, it is. Yes, and we realize, I'm going there. If you'll permit me some latitude on this. Excuse me. 366, at that time, the IRA case, there was an issue of whether or not it had been time to file. And in our documents, we presented evidence that reflect that even the agency, the respondent at that time, admitted in one of their motions that the IRA was filed on February 17th of 2006. That is exactly 65 days after the letter of the House of Special Counsel. Exactly 65 days. And we have an admission from the agency. Now, in the same fact pattern, the administrative law judge found that Ms. Price may have a claim for involuntary resignation. The board incorporated that issue without any formal petition ever having been filed. The ALJ said, I think you might have, basically, I think you might have an issue as to your retirement with a voluntary or involuntary. And we're going to accept that also. No appeal was filed on that by Ms. Price. But wasn't there a voluntary retirement for disability? Yesterday in 2000. Here we are six years later or five years later,  and the board said you might have an involuntary retirement case. Which voluntary retirement? The retirement for disability? Yes, sir. Which happened in 2000. What would be the standard to challenge the involuntary retirement? What is the standard for challenging an involuntary retirement, to establish that the retirement was involuntary? You would have to show that there was duress, there was coercion, that the agency threatened an action. You would have to show that perhaps you were not competent at that time to retire. I think in Farhawk, the board, this court, made that decision and set down the standard, Your Honor. But that's not the standard that applies to an involuntary disability retirement. That's correct, Your Honor. But the involuntary disability issue was not an issue that was raised by the petitioner. The involuntary disability retirement was an issue that was raised by the board. Was Ms. Price's retirement on disability or otherwise?  Well then, the question then becomes whether that disability retirement, which is based presumptively as a voluntary act, is appealable, and the only way it's appealable is if it's involuntary. So we need to look at the standard for whether the appeal is an involuntary disability retirement. Yes, Your Honor. And that's a different standard from the one that you articulated a moment ago. Your Honor, that's assuming that the petitioner files, involuntarily retires, and then files an appeal on that saying that no, I did not retire for disability, or I did not involuntarily retire, I was coerced, or I was made to retire. That's when things run their timeline, and you have the appellant filing within that one year. That's fine. Counsel, I'm just a little confused. I'm not fond of you. Are you saying that this was not an involuntary disability retirement case, that the board should never have analyzed it under that particular letter? I'm saying that the board, in trying to, I think, get to all the issues, brought up this particular issue. Because if it's not an involuntary retirement, there's no jurisdiction before the board for a voluntary retirement. So, I think the board was saying, since she was pro se at that point, that the only way this could be before us is if it's an involuntary retirement, to let them analyze it under that lens. Because if we don't analyze it under that lens, there's no possible jurisdiction anywhere else. I understand, Your Honor, but that's assuming that the petitioner, the timelines that are set, and all the cases before, this may be a case of first impression because this is what the board says. I think you have an issue. It actually says, Ms. Price, I think you have an issue for involuntary retirement. The board said it. Because if you look at Ms. Price's appeal, notice of appeal, it was based on an IRA. And the board came down and said, you may have an involuntary retirement issue here. Explore it. The board said that. Ms. Price never, in her initial submissions, I just don't understand where you're going. So would you like us to hold it that because she never, in her initial submissions, said this was an involuntary retirement, that it's not? No, ma'am, I would like- I don't understand where you're going with this. I would like the board, I'm sorry, the court, to take the entire circumstances. Take the entire, what happened in this particular case. It's a well-set principle that a disability retirement is considered voluntary. The board knew that, but nevertheless opened the door and said, you may have an involuntary retirement. So are you saying the disability retirement in this case was voluntary? I'm saying that that's what the board is looking- I'm asking you, was it voluntary? I don't think it was, ma'am. You think it was involuntary, so the board analyzed it under the correct standards. I just don't follow you. Okay, Your Honor. If I may please the court, in this particular case, we have an issue where the board brought up whether- the board brought up the question of whether the retirement was voluntary. But you're saying that was correct, because you think that her cause of action should be that she was involuntarily. Well, I think it's more basic than that, Your Honor. I think that the board has to examine, or the court has to examine the entire record and see how that issue of involuntary retirement got before it happened to arrive here. Why does that matter? Why does it matter? The board has to analyze its jurisdiction, and in the course of analyzing its jurisdiction in an involuntary retirement case, it has certain factors it has to look at. Regardless of whether the notion that this was an involuntary retirement was brought by the agency, the employee, the board itself recognizing it, I don't see why how it got before the board, whose idea it was, has any impact on the standard they should be using. The standard that was used was where an individual says, I was forced to retire, whether it was because of a disability or because it was just for coercion or any other factor. They come back a year within a year and they say, I was forced to retire. This is not the case here. The standard was set on that. Whether or not the individual comes back, the employee comes back and says, I was forced to retire. And that's the standard that was set. But that is not what this case, this is not how this case originated. This case originated on an IRA. The issue of whether or not involuntary retirement did not come about until the board said, oh, by the way, you may have an involuntary retirement case. So what is it you're asking us to do? We're asking you to go back to the IRA issue. An issue that wasn't decided below, and you did not actually appeal the issue of collateral estoppel, the only one that was decided below. No, ma'am. The issue at that time, yes, ma'am, the issue was also jurisdiction. And it was dismissed because the board said it was untimely. And yet in the motion that the agency has proffered, it specifically says that it was time to file, the IRA was time to file on February 17, 2006 or 2005. It specifically says that. And that is exactly 65 days from the date of the Office of Special Counsel, letter from the Office of Special Counsel. And we're just asking that the board, this court, go back and look at the totality of the circumstances involved in this particular case. And we'll find that the board did indeed have jurisdiction over the IRA issue. And at that time- You're running into your rebuttal time. Do you want to reserve your time? I'll reserve the time, yes. Thank you. Thank you, Your Honor. Mr. Coleman. May it please the court. We respectfully request that this court affirm the MSPB's decision dismissing this crisis constructive removal claim for lack of jurisdiction. Petitioner here has argued and spent most of his time arguing about the IRA appeal and the timeliness of that appeal, the MSPB case number ending in 366. As the court pointed out, that is not an issue here. Petitioner did not appeal that case. They were two separate MSPB cases. Therefore, the court should not consider any arguments concerning the IRA or the timeliness of that appeal in this case. The issue in this case is an involuntary disability retirement claim. That is the issue that the board decided below, and therefore, that is the issue that is- What is the standard for reversal of the voluntary retirement on disability? Basically, there are three factors that an employee must show to present a claim of involuntary disability retirement. The first is that after the onset of the disability, the employee requested altered duties or working conditions or somehow indicated that she would not be able to continue working without a modification. The second is that there was a reasonable accommodation available prior to the separation that would have allowed her to continue employment. And the third is that the agency did not provide her with accommodation. In this case, the second factor- So the entire issue turns on the issue of accommodation. That's correct. So if there was no accommodation, then it would be considered involuntary retirement, even though it was on disability. That's correct. How much of an accommodation must be made? Do you accommodate once, twice, three times? Do you need to place that person back in the original position that was available at the time? No, it does not have to be the original position. It has to be an accommodation at or below the same grade level that would have allowed the person to continue to be effective as an employee of that agency. Can it be below the same grade level? It can be, yes, according to the standard. Is that a proper standard? That's the standard that has been consistently applied by the MSPB. The test, the general test, is reasonable. Accommodation really has to be reasonable, something that the employee can- a position that the employee can perform when his or her disability as well as a position that the agency finds useful. The employee still has to be doing some sort of work that is beneficial. Does it have to be the same pay level? According to the standard, it does not necessarily have to be at the same pay level. So in fact, if someone was working as a GS-14, and the accommodation was an offer of a GS-12 at the 1-3 conclusion date, is that a reasonable accommodation? Your Honor, the definition of reasonable, I think, turns on the facts of each case. You have to look at the accommodation and determine whether the accommodation is reasonable. However, in this case, the reasonableness of accommodation is not the issue because there was no accommodation at all. Ms. Price insisted on having a position in the property management branch. The branch that she had been in, there were no available positions there. Therefore, there was no accommodation. There was no accommodation? I'm sorry. No. I thought the government offered her a position in the distribution or disbursement branch. Distribution branch. And then her doctor even said that her outlook was improving. So it seems to me that the government had offered her a reasonable accommodation for whatever reason she found unsatisfactory because it wasn't the exact one that she wanted, but that doesn't make it an unreasonable accommodation. Right. Because it's the one that she did not report, because she insisted on only having a position in the property management branch, that effectively made it impossible to accommodate her. But the government still then seems to be offering a reasonable accommodation she just refused. Yes, that's true. The government attempted to offer an accommodation which her physician found was reasonable, but because she refused that, effectively there's no accommodation at all. There was no position available in the property management branch. She insisted on having a position in that branch, and therefore effectively there was no accommodation that could have been available to her. She had no choice but to leave the agency because there was no accommodation at the branch she wanted, and she refused to work in another branch. Does it have to be the same branch? Can it be a separate branch? At least in our cases, you need to have an accommodation available on a day-to-day time that's at or above her position. It doesn't have to be in the same branch, does it? No, it does not have to be in the same branch. I believe it has to be in the same meeting area, so then Clay would not be forced to relocate, but it does not necessarily have to be in the same branch. So that's what she was looking for. That's what she was looking for, and that was the only position she was able to take. Now, if in fact the accommodation position was offered to her, even according to her documents, held in her condition, would that be sufficient? Say that there was not a forced retirement? Well, yes, it would be because, as I said earlier,  the agency did not offer a reasonable accommodation. So assuming that the position in the distribution branch was reasonable, which according to her doctor it was, then it's clear that the agency did offer a reasonable accommodation. So either way, either by the second factor, saying there was no accommodation available, or by the third factor, saying that the agency offered reasonable accommodation, either way, because Christ did not prove that her disability was involuntary. Should there be a higher standard for determination whether or not there was a forced retirement when there is a disability versus a forced retirement without being a disability? Well, the standard is different because if the retirement is due to a disability, there has to be some evidence that the retirement was involuntary in the sense that the disability could have been accommodated and was not. If an individual is not disabled, the standards for involuntary retirement are different in the sense that if the individual would have to show something about the working conditions or some sort of coercion by the agency in forcing them to retire. Is the basic difference one of accommodation? It is one of accommodation. Well, the issue in disability retirement and whether it was involuntary does turn on the issue of accommodation. In an ordinary constructive removal case that does not involve disability retirement, the issue is not accommodation, but working conditions are addressed by the agency forcing the individual to retire. Are the standards for accommodation in these situations, the standards articulated in the ADA, the Americans with Disabilities Act? Your Honor, I'm not sure what the standards are in the Americans with Disabilities Act. Well, the standards you were discussing with Judge Garza about providing a position at the same or lesser rate, where are those standards found? That is in the Ockelson MSPB case 90 MSPR 415 and 421. And the MSPB has articulated those standards consistently. Those standards, are they articulated in the regulation of MSPB? Not that I'm aware of. Counsel, can I ask you about the collateral establishment issue for a second? Our case of Morgan v. Department of Energy, I'm sure you're familiar with it, articulated a four-factor test, the last of which is that the party precludence is fully represented in the prior action. Was Ms. Price represented by counsel in the EEOC? She was not. Now, I know there's an MSPB case, Fisher, that has interpreted our fully represented language to mean the party had a full and fair chance to litigate, not that a party was represented by an attorney. Is that a bit of a stroke? No, that is accurately the standard, and the standard that this court should apply. The question, really, for the fourth collateral estoppel factor is that the party had a say in the previous litigation, for example, that it wasn't just a third party that wasn't very involved, that the decision actually involved that party. And in that sense... What evidence do you have to show that Ms. Price was fully represented? That's the language you used, fully represented. Was she largely participatory in the EEOC hearing? Did she file papers? Did she make arguments? Did she present witnesses? Did she basically act as an attorney for a backer on her behalf? Yes, she did. There actually was not a hearing. The judge, the EEOC administrative judge, chose to decide the case without a hearing, but she did certainly submit arguments that the judge considered. She submitted evidence, so in that sense, she did act as an attorney would in the EEOC case, and it was clear from the agent's opinion in that case that her arguments and her evidence was considered very carefully. So in that sense, she was fully represented, despite the fact that she did not have an attorney at that level. And the EEOC considered the same issues that needed to be considered in this case. Are there no further questions based on these arguments and the arguments of the brief we discussed in the fourth term of the MSPB? Good. Thank you. Thank you, Your Honor. Now, in this particular case, just to close it up, try to tie up some loose ends. In this particular case, the judge was not fully represented, either before the EEOC or the board. She represented, she was a pro se litigant all the way through. All the submissions will verify that. As far as having any court-like position offered to her, she went from a GS-7 to a GS-5. That was what they were offering her. That is what they offered her. Was it the same pay level? No, sir. As far as I understand, it was not. It was about $3,000 a year less. What if there were no GS-7 positions that she was capable of doing in light of her disability? Well, the thing is she went from a secretary to a technician. And in this particular case, I don't think she would be qualified as a technician. It accommodated her that she went from a GS-7 secretary, which is clerical and secretarial. Okay, but I'm asking you a broader question, which is what if she's not capable because of her disabilities of doing the job of a secretary at all? Then it's not an accommodation. I would assume that she could argue that at that time she was not accommodating in accordance to her skills. Does reasonable accommodation mean reasonable accommodation? Does it mean they have to put her in the exact same position and no other position is available? Well, I think it means they have to offer it. She can decide whether she wants to take it or not. But in this particular case, she went from what I understand that's all they said they had. It's hard to imagine the department in San Antonio, Texas, the Department of Defense not having, considering there were five military bases at that time, not another secretary or jobs. I understand if it was just an isolated incident where you had one military base and no other places to go, then I would say you might have a chance there. But when you have Kelly Air Force Base, Randolph Air Force Base, Fort St. Houston, Medina Air Force Base, Security Hill, directly and one more, Brooks Air Force Base. Did you show the presence of jobs at her grade level and her pay level in any of those places? I'm sorry, Your Honor, I didn't understand. Did you provide evidence that showed that jobs existed at any of those places? No, ma'am. I was not involved in the initial hearing. Well, but you're bound as her lawyer by what she did earlier, right? Yes, ma'am. She had the burden of establishing the involuntariness of her dismissal and one of the factors was exactly what you're talking about now, to establish that there were jobs that they didn't offer to her. And you're saying you think there were because there are all these bases, but no evidence was presented to the record. No, I'm saying that the agency said there were not any other jobs. And yet they showed nothing to show to substantiate their claim. The agency is the one who said, okay, if we accommodate her, we made her from a GS-7 secretary to a GS-5 technician, and we have nothing else. Who has the burden of proof? I would assume that if I'm the agency and I have a mandate from the Americans with Disabilities Act to accommodate this individual, then the burden would be on me as the agency. That concludes my argument, Your Honor. Thank you. Thank you. Case is submitted.